**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| )  | |
| Plaintiffs,   ) | |
| vs.                                                         )  | No.  08-CR-15-JHP |
| ) | |
| ROBERT S. MILES,   ) | |
| ) | |
| Defendant.   ) | |

**ORDER**

Before the Court are Defendant's Motions to Dismiss (Docket Nos. 14, 15, 16 and 17), as well as a Motion for Bill of Particulars (Dkt. No. 13).  The Government has filed responses to all five motions.

In the First Motion to Dismiss (Dkt. No. 14), Defendant contends that the Indictment improperly names the United States as plaintiff because "the United States of America has never been constituted by law as a government in a sense of federal government: there is no government entity by that name."  The United States has been held to be a proper plaintiff in criminal actions, and the district courts are provided original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. §3231.  This argument has previously been deemed to be legally frivolous. _Lonsdale v. United States_, 919 F.2d 1440 (10th Cir. 1990); _United States v. Dawes_, 161 Fed. Appx. 742, 745-46 (10th Cir. 2005)(unpublished).

In the Second Motion to Dismiss (Dkt. No. 15), Defendant argues the Indictment must be dismissed because his copy of the Indictment does not bear the signature of the grand jury foreman. In compliance with the E-Government Act of 2002, the District Court in the Northern District of Oklahoma ordered that the signed copy of the original Indictment be kept in a sealed file, and that

published copies of the Indictment would only bear the signature of the attorney for the government as provided in Rule 7(c)(1), Federal Rules of Criminal Procedure. The Court takes judicial notice that the original Indictment in the instant case bears the name of the Grand Jury Foreperson.

The Third Motion to Dismiss (Dkt. No. 16) claims that there is no indication in the Indictment itself that it was presented to the Court upon the oaths of the grand jurors. There is nothing in the Federal Rules, however, that requires the jurors return and present an indictment to the court "upon the oaths of the grand jurors." In the district court there is a grand jury Report, signed by all the grand jurors, that is made to the court at the time the indictments for that session of the grand jury are given to the Court. Although the grand jurors are all sworn in at the beginning of their grand jury term, there is no requirement that individual indictments be given to the court under the oath, as suggested by Defendant.

Defendant argues in the Fourth Motion to Dismiss (Dkt. No. 17) that he has a Sixth Amendment right to confront the witnesses against him at his trial, and to "know their names well before his trial so that he can prepare his defense against their testimony." While it is true Defendant has a right to confront the witnesses against him at his trial, no rule of criminal procedure, nor statute in the federal system, requires the government to endorse the names of material witnesses, known to the government, on a bill of indictment, prior to submitting it to the grand jury. Rule 16(a)(2), and 18 U.S.C. §3500, provide the framework for turning over witnesses' statements to the defendant prior to trial.

Defendant claims that in the absence of any witnesses endorsed on the bill of indictment, it must be presumed that no witnesses were questioned by the grand jury and therefore there was no evidence adduced. The Court finds, however, there is a presumption of regularity about grand jury proceedings. _Hamling v. United States_, 418 U.S. 87, 139, n.23 (1974), _United States v. Exsson_, 328

*F.3d 456, 459 (8th Cir. 2003)("The proceedings of a grand jury are afforded a strong presumption of regularity, and a defendant faces a heavy burden to overcome that presumption when seeking dismissal of an indictment.");* United States v. Edmonson*, 962 F.2d 1535, 1539 (10th Cir. 1992).*

Further, an indictment can be based on hearsay evidence. United States v. Williams, 504 U.S. 36, 50 (1992); Costello v. United States, 350 U.S. 359, 363-64 (1956).

In the alternative, Defendant requests a copy of the transcript of the grand jury proceedings. Where disclosure of the minutes of proceedings of a grand jury are requested by the defense, the burden is on the defendant to show that a particularized need exists for the minutes which outweighs the secrecy provided in Rule 6(e); Pittsburgh Plate Glass Co. v. U.S., 460 U.S. 395, 399-400 (1959). Defendant has made no showing sufficient to overcome the proscriptions of Rule 6(d) or 6(e), pertaining to the secrecy of the matters occurring before the grand jury.

Defendant's Motion for Bill of Particulars (Dkt. No. 13) specifically requests clarification of the word "income," and the "unit of measure which is used to measure the income within the indictment." The function of a bill of particulars is very limited as to both scope and purpose. The motion for a bill of particulars is addressed to the sound discretion of the trial court. Wong Tai v. U.S., 273 U.S. 77 (1927); United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996); United States v. Kunzman, 54 F.3d 1522, 1526 (10th Cir. 1995).

It is well established that a bill of particulars is only appropriate in a limited number of cases where a defendant has not been adequately informed of the nature of the charges against him, thus barring him from making a reasonable defense and from protecting himself against a second prosecution for the same basic offense. In cases where the defendant has been apprised of the basic nature of the case against him prior to trial, however, a bill of particulars should not be granted.

*United States v. Ivy*, 83 F.3d at 1281, quoting *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992).

It is not the function of a bill of particulars to compel the government to disclose, in advance of trial, the evidence by which it will attempt to prove the charges alleged in the indictment. *United States v. Ivy, at 1281*. In the instant case, Defendant has been adequately informed of the nature of the charges against him so that he can prepare an intelligent defense, and also guard against any subsequent prosecution for the same acts. The Indictment in this case, coupled with routine discovery, will provide Defendant with the necessary information detailing the precise nature of the charges against him.

Defendant is charged, in each count, with making a false statement on a document submitted to the IRS under penalties of perjury. The document, as charged, was a Form 1040 for the calender year in question. The false statement alleged in the Indictment is that Defendant reported,

> on line 12, that he had "0" (zero) business income for the [calender year in question]. Whereas, as [the Defendant] then and there well knew and believed that he had a substantial amount of business income for [the calender year in question] which should have been reported on line 12 of said 1040 document and on another document a Schedule C, which should have been included with the Form 1040 document when it was filed by the Defendant (but was not), and he had a substantial amount of total income for [the calender year in question] which should have been reported on line 22 of said form 1040 document.

Since Defendant is a tax preparer and accountant, and has been for some 30 years, it is difficult to understand that he would need a bill of particulars to comprehend, in the tax law context, what "income" is. Defendant has been able, for the past 30 years, to comprehend for his numerous clients for whom he prepared legitimate tax returns, the amount of income to place on line 12 and on line 22 of the Forms 1040 that he prepared for those clients.

Accordingly, the Defendants' Motions to Dismiss and Motion for Bill of Particulars are denied.

ORDERED this 25th day of February, 2008.

James H. Payne
United States District Judge
Northern District of Oklahoma