IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-015-JHP |
| ) | |
| ROBERT MILES, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Before the Court is Defendant's Motion to Continue [Docket No. 24]. Defendant seeks a 45 day continuance of his March 17, 2008 trial date. The Government opposes the motion insofar as the extension would continue the trial beyond the April trial docket. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

On January 9, 2008, Defendant was indicted on nine counts of subscribing to a false document under oath. Defendant made his initial appearance before a United States Magistrate Judge on January 14, 2008, and pled not guilty to the nine counts. Defendant was granted permission to proceed pro se and stand-by counsel was appointed. A March 17, 2008 trial date was set, and Defendant was ordered to file all pre-trial motions by February 1, 2008.

Defendant filed a motion for bill of particulars and four motions to dismiss on January 31, 2008. These motions were denied by Order on February 25, 2008 (Dkt. # 23). Defendant filed the instant motion to continue on February 25, 2008 (Dkt.# 24). In the motion, Defendant argues that "[d]iscovery is incomplete and voluminous and standby counsel needs to familiarize herself with, besides her other cases." (Defendant's Motion to Continue at 2). At a hearing held on this motion

1

February 27, 2008, Defendant claimed he recently received a letter from the Government stating approximately 35 boxes of documents were available for inspection. The Government, however, while acknowledging this was true, contends that of the approximately 35 boxes, only a limited number of documents are at issue in this case. The Government agreed to release the discovery to defendant, and identify the documents the Government deems relevant. Further, the Government advised the Court that all relevant discovery had already been provided to the defendant.

## DISCUSSION

Defendants' motion implicates the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, which provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the requested continuance would impact the 70 day deadline contemplated by § 3161(c)(1).

The Court is acutely sensitive to the implications of granting this continuance. Recent Supreme Court and Tenth Circuit decisions have raised this Court's awareness of its need to exercise great caution in granting continuances in criminal trials. *Zedner v. U.S.*, 547 U.S. 489, 126 S.Ct. 1976, 1989 (2006); *U.S. v. Williams* 511 F.3d 1044, (10th Cir. 2007). In the past, this Court has taken into consideration a defendant's prospective waiver of rights under the Act, but it is now clear to this Court that the existence of such a waiver can have no bearing on the Court's decision as to whether to grant a continuance. *U.S. v. Williams,* 511 F.3d at 1054-55. Even when a defendant

knowingly, intelligently, and unequivocally waives his rights under the Act, a district court granting an ends-of-justice continuance, "must 'se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." *Zedner,* 126 S.Ct. at 1989 (2006) (quoting 18 U.S.C. § 3161(h)(8)(A)).[1]

With that in mind, the Court turns to 18 U.S.C. § 3161(h), which provides that certain "periods of delay shall be excluded . .. in computing the time within which the trial of any such offense must commence."Among those periods of delay excluded are those periods "resulting from a continuance granted by any judge . .. if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

Among the factors which a judge shall consider in making this determination are "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," 18 U.S.C. § 3161(h)(8)(B)(i), or "[w]hether the case is so unusual or so complex, due to . . . the nature of the prosecution...that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [§ 3161]," 18 U.S.C. § 3161(h)(8)(B)(ii), or "[w]hether the failure to grant such a continuance in a case which . . . is not . . . unusual or . . . complex . . . would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

In this case, the Court finds that this case involves voluminous discovery which will require time consuming, and in some instances, technical analysis. Additionally, the offenses charged in

---

[1] For an exhaustive, and excellent, example of a district court granting an ends-of-justice continuance with the requisite findings, see *U.S. v. Taylor*, 2007 WL 2990623 (D.Colo.2007).

the nine count indictment are alleged to have taken place over a nine year period and are factually intensive. The Court finds that the nature of this prosecution makes it impossible for the Defendant and stand-by counsel for the Defendant to adequately prepare for trial by March 17, 2008.

The Court applies these factual findings to the factors set forth in 18 U.S.C. § 3161(h)(8)(B) and concludes as follows:

1. Failure to grant the requested continuance would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i); and

2. Assuming this case is not so unusual or complex as to fall within the meaning of § 3161(h)(8)(B)(ii), and taking into account the exercise of due diligence on the part of counsel, failure to grant the 90 day continuance would deny counsel the reasonable time necessary for effective preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court does not predicate these findings on congestion of the Court's calendar or lack of diligent preparation by counsel, *see* 18 U.S.C. § 3161(h)(8)(c), nor does it predicate these findings on the existence of any purported "waiver" of Speedy Trial Act rights.

The Court therefore concludes that the ends of justice served by granting a continuance of the deadlines in this case outweigh the best interest of the public and the Defendant in a speedy trial and that the delay is properly excluded for purposes of the Speedy Trial Act.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Continue is GRANTED. The March 17, 2008 trial date is stricken. The pre-trial conference is set for March 26, 2008 at 2:30 P.M. Jury instructions, voir dire, and trial briefs are due April 11, 2008. The trial is set for April 21, 2008 at 9:30 A.M.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma